IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AT&T MOBILITY SERVICES, LLC,

    Plaintiff,

                                                  Civil No. 13-785 MV/SCY

    v.

VILLAGE OF CORRALES,
NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Opposed Motion to Exclude Testimony and Evidence Beyond the Administrative Record [Doc. 19]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken in part and will be granted in part and denied in part.

## BACKGROUND

Plaintiff AT&T Mobility Services, LLC ("AT&T") requested a special use permit from Defendant Village of Corrales ("Village") in order to build a new telecommunications tower. The Planning and Zoning Commission of the Village denied AT&T's application, and the Village Council, the governing body of the Village, affirmed the Commission's decision. Thereafter, AT&T filed the instant action, asserting three claims: (1) the Village's decision effectively prohibits the provision of wireless service in violation of the Telecommunications Act ("TCA"), 47 U.S.C. § 332(c)(7)(B)(i); (2) the Village's decision is not based on substantial evidence, in violation of the TCA, 47 U.S.C. § 332(c)(7)(B)(iii); and (3) the Village's decision cannot survive administrative review under state law, namely, NMSA 1978, § 39-3-1.1.

1

On March 11, 2014, the Village filed the instant motion, seeking an order limiting the evidence in this case to the administrative record. Specifically, the Village asks this Court to prohibit AT&T from offering any evidence that was not presented in the administrative proceedings before the Village's Planning and Zoning Commission. In its response filed on March 11, 2014, AT&T agrees that its second and third claims (the substantial evidence and administrative review claims) are limited to the administrative record, and indicates that it intends to offer new evidence only in support of its first claim (the effective prohibition claim). In its reply filed on March 24, 2014, the Village argues that the Court should reach its determination on all three of AT&T's claims based only on the administrative record.

## DISCUSSION

"The TCA reflects Congress's intent to expand wireless services and increase competition among providers." *Green Mountain Realty Corp. v. Leonard*, 688 F.3d 40, 48 (1st Cir. 2012) (citation omitted). "Under the TCA, local governments retain control 'over decisions regarding the placement, construction, and modification of personal wireless service facilities.'" *Id.* (quoting 47 U.S.C. § 332(c)(7)(A)). This control, however, is "subject to several substantive and procedural limitations that subject local governments to an outer limit upon their ability to regulate personal wireless services land use issues." *Id.* at 49 (citation omitted). One of the limits on local authority is the requirement that local decisions not "prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II). In this action, AT&T's first claim is that the Village's decision constitutes an impermissible "effective prohibition" on the provision of wireless services in the area.

The standard by which the district court reviews, under the TCA, state and local decisions "depends on the nature of the issue presented and the statutory limitation involved." *Nat'l Tower,*

*LLC v. Plainville Zoning Board of Appeals*, 297 F.3d 14, 22 (1st Cir. 2002).  Courts uniformly hold that effective prohibition claims brought under Section 332(c)(7)(B)(i) "present questions that a federal district court determines in the first instance without any deference to the [local zoning] board."  *Id.*; *Voicestream Minn., Inc. v. St. Croix County*, 342 F.3d 818, 833 (7th Cir. 2003).  Accordingly, "[i]n evaluating an effective prohibition claim, district courts are free to consider additional evidence not in the administrative record."  *Leonard*, 688 F.3d at 49; *see also APT Pittsburgh Ltd. P'ship v. Penn Township Butler County of Pa.*, 196 F.3d 469, 475 (3d Cir. 1999) ("holding that whether a state's denial of an application to construct a personal wireless service facility "has the effect of prohibiting the provision of personal wireless services" is a "decision to be made de novo by a reviewing court that will not necessarily be limited to the record compiled by the state or local authority").  This Court thus may rely on "evidence . . . presented in court that is outside of the administrative record compiled by the local authority."  *Id.* at 58; *St. Croix County*, 342 F.3d at 833.

    Here, the Village asks the Court to decline to follow this precedent and prohibit AT&T from presenting evidence outside of the administrative record.   The Village, however, presents no persuasive reason to support its request.  As AT&T asserts, its effective prohibition claim presents questions distinct from those that were before the Village when it determined, under its own ordinance, to deny AT&T a special use permit.  Because this Court must determine, in the first instance, the distinct issue of whether, under the TCA, the Village's denial of AT&T's application had the effect of prohibiting the provision of personal wireless services, the Court agrees with the precedent cited above that it should be free to rely on evidence outside of the administrative record.

## CONCLUSION

The Court does not agree with the Village that it should deviate from precedent to prohibit AT&T from introducing evidence outside of the administrative record in support of its effective prohibition claim. As AT&T concedes, however, its substantial evidence and administrative review claims are properly limited to the administrative record. Accordingly, the Court will not consider evidence outside of the administrative record in determining AT&T's substantial evidence and administrative review claims.

**IT IS THEREFORE ORDERED** that Defendant's Opposed Motion to Exclude Testimony and Evidence Beyond the Administrative Record [Doc. 19] is **GRANTED IN PART AND DENIED IN PART**, as follows: (1) the Court will allow AT&T to present evidence outside of the administrative record in support of its effective prohibition claim; and (2) the Court's determination of AT&T's substantial evidence and administrative review claims will be limited to the administrative record.

Dated: July 22, 2014

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE